**Rosemarie C. LEITH, as Administrator of the Estate of Myron P. Leith, deceased, and Rosemarie C. Leith, individually, Plaintiff,**

v.

**LUFTHANSA GERMAN AIRLINES, a corporation, Defendant.**

**Rosemarie C. LEITH, as Administrator of the Estate of Myron P. Leith, deceased, and Rosemarie C. Leith, individually, Plaintiff,**

v.

**Janusz W. KIECA, Defendant.**

**Nos. 91 CV 7524, 92 CV 1223.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 28, 1995.

George M. Elsener, Jeffrey C. Kasten, George M. Elsner & Associates, Chicago, IL, for plaintiffs.

John N. Romans, Katten Muchin & Zavis, New York City, Donna M. Lach, Katten Muchin Zavis, Chicago, IL, for defendants.

### MEMORANDUM AND ORDER

MORAN, Senior District Judge.

Plaintiff seeks, by this motion to remand, reconsideration of this court's prior denial of a similar motion. We have reviewed that opinion and the cases cited by the parties and we adhere to the positions there stated.

Plaintiff does have, however, an additional contention that requires consideration. Lufthansa German Airlines was privatized in

1994. If the claims had arisen after that event the suit could not have been removed because the Foreign Sovereign Immunities Act would not have conferred federal jurisdiction. Does that mean that federal jurisdiction is lost when the defendant ceases to be a state enterprise after suit was filed and the case removed? Two appellate courts, *General Electric Capital Corp. v. Grossman,* 991 F.2d 1376 (8th Cir.1993), and *Gould, Inc. v. Pechiney Ugine Kuhlmann,* 853 F.2d 445 (6th Cir.1988) and a district court, *Papapanos v. Lufthansa German Airlines,* No. 94–2667–Civ (S.D.Fla. March 1, 1995 and June 15, 1995), have concluded that a change to private status subsequent to the claim arising does not deprive a federal court of jurisdiction, and we agree. Indeed, in those three cases the change in status occurred prior to the filing of the suit. Once jurisdiction attached we do not believe that Congress intended it to terminate because of subsequent events, just as a change in citizenship destroying diversity does not end a diversity suit originally properly brought.

Plaintiff points to the 1988 amendments to 28 U.S.C. § 1447(c), contending that those indicate a congressional intent to the contrary. The prior provision read as follows:

> If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the District Court shall remand the case....

In 1988 it was amended to read as follows:

> If at any time before final judgment, it appears that the District Court lacks subject matter jurisdiction, the case shall be remanded.

From that plaintiff infers that Congress intended to move the subject matter jurisdiction trigger to any time prior to final judgment. We think the legislative history is otherwise. Congress was concerned that cases that had been in the federal system for a considerable period were vulnerable to remand because of defects in the removal procedure, thus encouraging shuttling of such a case back and forth between the state and federal systems. It wished to restrict, not facilitate, remand. It thus restricted attacks on the removal procedure to 30 days after removal, while continuing to recognize what had always been the law—removal in the absence of subject matter jurisdiction is vulnerable to attack at any time. H.R.Rep. No. 100–889, 2nd Sess., *reprinted in* 1988 U.S.Code Cong. & Admin.News 1988, pp. 5982, 6033.

The motion to remand is denied.